UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL B. MEANY                                        PLAINTIFF

v.                                        CIVIL ACTION NO. 3:11CV-401-S

ALTEC INDUSTRIES, INC.                                        DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the

testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses

testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

<u>Liability</u>

The plaintiff, Michael Meany claims that the defendant, Altec Industries, Inc., is liable for the injuries he suffered in the electric shock incident about which you have heard evidence.

You will find for Michael Meany if you believe from the evidence that it is more likely true than not that the digger-derrick manufactured by Altec Industries, Inc. was in a defective condition unreasonably dangerous for use by employees of companies engaged in the business of restoring, maintaining, and repairing high-voltage power lines, and that such defect was a substantial factor in causing the injuries claimed by Michael Meany. Otherwise, you will find for Altec Industries, Inc.

As the term is used in this instruction, a product is "in a defective condition unreasonably dangerous" if it creates such a risk of injury that an ordinarily prudent manufacturer of a similar product, being fully aware of the risks associated with the product, would not have put it on the market.

Lack of an adequate warning is a factor which may be considered in determining whether the product is in such a defective condition unreasonably dangerous for use.

"Adequate warning" as used in these instructions means such degree of warning as will afford the user of the equipment, by the exercise of reasonable care on his own part, fair and adequate notice of the possible consequences of use or even misuse of the equipment.

You will indicate your verdict on Verdict Form A. If you have found for the plaintiff, Michael Meany, you will proceed to the next instruction. If you have found for the defendant, Altec Industries, Inc., you will end your deliberations and return to the courtroom.

## Damages

Having found for the plaintiff on Verdict Form A, you will find from the evidence what sum or sums of money will fairly and reasonably compensate Michael Meany for such damages you believe from the evidence he sustained directly by reason of the accident, including:

(a)  Necessary and reasonable past medical expenses incurred, not to exceed $825,097.23.

(b)  Necessary and reasonable future medical expenses reasonably certain to be incurred, not to exceed $200,000.00.

(c)  Lost wages and income, not to exceed $22,464.00.

(d)  Permanent impairment of the power to labor and earn money, not to exceed $458,864.00.

(e)  Mental and physical pain and suffering he has endured or is reasonably certain to endure in the future, not to exceed $10,000,000.00.

In determining the amount of damages, you will disregard the fault of any party or entity.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You may use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that a plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You will indicate your award of damages, if any, on Verdict Form B. You will then proceed to the next instruction.

## Comparative Fault

### Fishel Company:

It was the duty of the Fishel Company, acting through its employees other than Michael Meany, to exercise ordinary care for the safety of Michael Meany while he was in the course of his job with the Fishel Company. "Ordinary care," as that term is used with respect to the Fishel Company in this instruction, is that degree of care and skill which is expected of a reasonably prudent company engaged in the business of restoring, maintaining, and repairing high voltage lines acting under circumstances like or similar to those about which you have heard evidence in this case.

### Michael Meany:

It was the duty of Michael Meany to exercise ordinary care for his own safety on the occasion about which you have heard evidence. "Ordinary care," as that term is used with respect to Michael Meany in this instruction, is that degree of care and skill which is expected of a reasonably prudent and trained electrical contractor employee acting under circumstances like or similar to those about which you have heard evidence in this case.

If you believe from the evidence that:

(a) The Fishel Company failed in its duty of ordinary care to Michael Meany and that such failure was a substantial factor in causing the injuries claimed by him,

and/or

(b) Michael Meany failed to exercise ordinary care for his own safety, and that such failure was a substantial factor in causing the injuries claimed by him,

you will indicate on Verdict Form C the percentage of fault in causing the harm which is to be allocated to each individual or entity.

In determining the percentage of fault, you will consider both the nature of the conduct of each person or entity at fault and the extent of the causal relationship between the conduct and the damages claimed. Your percentages must total 100% You will indicate the percentages of fault on Verdict Form C.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, Instagram, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Verdict forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which sets forth the verdict upon which you unanimously agree; you will then return with your verdict to the courtroom.

**VERDICT FORM A- Liability**

| United States District Court | District<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>MICHAEL B. MEANY<br><br>v.<br><br>ALTEC INDUSTRIES, INC. | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:11CV-401-S |

We, the jury, in the above entitled and numbered case, find:


_____ For the plaintiff, Michael B. Meany.

_____ For the defendant, Altec Industries, Inc.

| **Foreperson's Signature** | **Date** |
|---|---|

## VERDICT FORM B - Damages

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>MICHAEL B. MEANY<br><br>v.<br><br>ALTEC INDUSTRIES, INC. | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:11CV-401-S |

We, the jury, in the above entitled and numbered case, having found for the plaintiff, Michael B. Meany, on Verdict Form A, find damages as follows:

(a) Necessary and reasonable past medical expenses incurred

$_____
(not to exceed $825,097.23)

(b) Necessary and reasonable future medical expenses reasonably certain to be incurred

$_____
(not to exceed $200,000.00)

(c) Lost wages and income

$_____
(not to exceed $22,464.00)

(d) Permanent impairment of the power to labor and earn money

$_____
(not to exceed $458,864.00)

(e) Mental and physical pain and suffering he has endured or is reasonably likely to endure in the future

$_____
(not to exceed $10,000,000.00)

**TOTAL:**

$_____
(not to exceed $11,506,425.23)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM C - Comparative Fault**

| | District |
|---|---|
| 𝕬𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | Western District of Kentucky |

| Case Title | Docket No. |
|---|---|
| MICHAEL B. MEANY<br><br>v.<br><br>ALTEC INDUSTRIES, INC. | CIVIL ACTION NO. 3:11CV-401-S |

We, the jury, in the above entitled and numbered case, having found for the plaintiff, Michael B. Meany, on Verdict Form A, find the percentage of total fault attributable to each of these individuals or entities as follows:

Plaintiff, Michael B. Meany       _____%

Defendant, Altec Industries, Inc.       _____%

Fishel Company       _____%

**TOTAL**       **100%**

| Foreperson's Signature | Date |
|---|---|
| | |